NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS EDUARDO MENDEZ-MORALES, AKA Jose Mendez, AKA EA Morales, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-70900 Agency No. A205-313-279 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 15, 2019
Pasadena, California

Before: CALLAHAN and CHRISTEN, Circuit Judges, and WU,** District Judge.

Petitioner Jose Luis Eduardo Mendez-Morales (Mendez) is a native and

citizen of Guatemala. He seeks review of an order of the Board of Immigration

Appeals (BIA) denying his applications for withholding of removal and protection

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We grant the petition and remand to the BIA for further proceedings as to the claim for withholding of removal, and we deny the petition as to the claim for protection under CAT.[1]

"We review the denial of . . . withholding of removal and CAT claims for substantial evidence. Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted).

Mendez argues he is eligible for withholding of removal under the Immigration and Nationality Act because he is a member of a particular social group—Guatemalans who suffer from Schizoaffective Disorder—and there is a clear probability he will be persecuted on account of his membership in that group if he is removed to Guatemala. The BIA rejected Mendez's claim on the ground that Mendez failed to show a nexus between the feared harm and his membership in the asserted particular social group. After the BIA's decision, we held that the nexus requirement for withholding of removal is different than for asylum. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). The BIA relied on then-existing precedent to satisfy the nexus requirement; specifically, it applied

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

the rule that applicants for asylum and withholding of removal must show that a protected ground was "one central reason" for the persecution. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). Under *Barajas-Romero*, the nexus standard for withholding of removal claims is "a reason" rather than "one central reason." *Barajas-Romero*, 846 F.3d at 360. At oral argument, the government acknowledged that if the panel determined there was evidence of mixed motives in the record, it would be appropriate to remand for application of the correct standard.[2] The expert testimony indicates that Mendez may be targeted for persecution because of his mental health symptoms. The exceptionally poor quality of the transcript of Mendez's expert's testimony, however, makes review impossible.[3] We therefore remand to the agency for the recorded expert testimony

---

[2] In *Singh v. Barr*, we concluded it was unnecessary to remand the case under *Barajas-Romero* because the agency found there was no nexus between the harm to the petitioner and the alleged protected ground. *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019). We cannot reach that same conclusion here given the state of the record.

[3] The government acknowledged during oral argument that the transcript "is terrible." The government asked petitioner's expert to compare the risk of gang violence in Guatemala for a person with mental illness versus the general public. The record shows the expert's response as follows:

> "these, these citizen groups that oftentimes [indiscernible] operate in a vigilante fashion to simply protect themselves and their community. I don't – I, I just can't envision a situation where he can go there without [indiscernible]. And part of this conclusion is drawn from the fact that in my years and years of experience working with people in his situation [indiscernible] are place, if you turn somebody like Mr.

to be re-transcribed and for the agency to re-examine Mendez's claim for withholding of removal under the new standard provided in *Barajas-Romero*.

Mendez also challenges the BIA's finding that he failed to show that "it is more likely than not he will be tortured by or with the acquiescence of the government if he returns to Guatemala." Our own review of the record confirms such a lack of evidence, and Mendez's failure to provide the appropriate evidentiary support is dispositive. Generalized violence by gangs or police is insufficient to meet the requirements under CAT because such attacks could happen to any person in Guatemala at any time, and there is no evidence that Mendez more likely than not will be subject to torture. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) ("[T]he petitioner must show that it is 'more likely than not' that he or she will be tortured, and not simply persecuted upon removal to a given country."). Mendez's theory of torture also fails because substantial evidence supports the agency's finding that Mendez did not show that the

---

Mendez [indiscernible] on the street, [indiscernible] United States, they're going to get [indiscernible] inevitably. To turn somebody lose in Guatemala, you've got a whole bunch of trouble. And they don't have to worry about here. They're actually killed by vigilante groups. They're not going to be a positive [indiscernible]. And even if you do, our gang members don't operate with the mentally of [indiscernible] in Guatemala. You're not going to get [indiscernible] killed by a police officer. You're not going to [indiscernible]. You're not going to [indiscernible] in a, in a, in a jail or a prison. You know, I, I just can't see any circumstances [indiscernible] to, to not be subjected to harm and the harmed [indiscernible] be [indiscernible]."

Guatemalan government (or any health care professional) would have the specific intent of inflicting harm against him if he were to return, nor that the government would acquiescence to such harm. *See Villegas v. Mukasey*, 523 F.3d 984, 988–89 (9th Cir. 2008). Mendez did not show that the record compels the conclusion the agency erred by denying his claim for CAT relief.

**GRANTED in part, DENIED in part, and REMANDED.**

*Mendez-Morales v. Barr*, No. 15-70900

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that substantial evidence supports the agency's rejection of Mendez's claim for CAT relief.

However, I would also deny Mendez's petition as to his claim for withholding of removal. Even giving Mendez the benefit of any doubt created by the poor transcription of the testimony of Mendez's expert, the record nonetheless does not compel a conclusion that "it is 'more likely than not' that [Mendez] would be subject to persecution on account of one of the protected grounds" if he returned to Guatemala. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (quoting *INS v. Cardoza–Fonseca*, 480 U.S. 421, 429 (1987)).

Accordingly, I would deny the petition.